UNITED STATES of America and William G. Gibson, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,

v.

George FINLEY, Defendant-Appellant.

No. 28737

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1970.

Rehearing Denied Dec. 10, 1970.

Robert Scogin, Kermit, Tex., for defendant-appellant.

Haskell Shelton, Asst. U. S. Atty., El Paso, Tex., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, John P. Burke, Joseph M. Howard, Attys., U. S. Dept. of Justice, Washington, D. C., Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., for plaintiffs-appellees.

Before THORNBERRY, CLARK and INGRAHAM, Circuit Judges.

PER CURIAM:

This appeal arises from an order of the district court enforcing an Internal Revenue Service summons served upon the appellant, George Finley, an attorney-at-law.

The summons was issued in relation to the tax liability of one of appellant's

---

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

clients for the tax years 1962–1965, and it required appellant to appear and testify before a special agent of the Internal Revenue Service.

Although appellant appeared in response to the summons, he refused to answer any questions, whereupon the enforcement proceeding below was commenced on behalf of the United States pursuant to Title 26 U.S.C.A. §§ 7402 (b), 7604. The government's petition alleged that the summons was issued and served as part of an investigation being conducted to locate assets out of which to collect the income tax liability of appellant's client for the tax years in question.

In response to a show cause order of the district court, appellant asserted that there was criminal and civil litigation pending against his client and that under such circumstances, any questions propounded to him were subject to the attorney-client privilege.

We affirm the district court's order enforcing the summons.

 We note initially that contrary to appellant's assertions, in the area of federal income tax investigation, the question of privilege is a matter of federal, not state law. Colton v. United States, 306 F.2d 633 (2nd Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963); Falsone v. United States, 205 F.2d 734 (5th Cir. 1953) cert. denied, 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375.

 In the instant case, appellant has sought to invoke the attorney-client privilege by means of a blanket refusal to testify. That utilization of such a vehicle for assertion of privileged matter is unacceptable and improper is clear beyond question and a claim to the contrary borders on the caviler. United States v. Roundtree, 420 F.2d 845 (5th Cir. 1969); Colton, supra.

From the record and the hearing conducted by the court below, it appears that the government is seeking to locate

assets out of which to collect the income tax liability of appellant's client. In particular, the government wishes to interrogate appellant concerning $12,000 in interest he allegedly paid to his client. Appellant's attempt to cloak this transaction with the mantle of privileged communication is unavailing. There is nothing in the record, nor does it appear otherwise that the transaction in question was anything other than what it appears to be, i. e., the payment of monies unaffected by and unimpressed with the traditional indicia of the attorney-client relationship. See United States v. Bartone, 400 F.2d 459 (6th Cir. 1968); Pollock v. United States, 202 F.2d 281 (5th Cir. 1953), cert. denied, 345 U.S. 993, 73 S.Ct. 1133, 97 L.Ed. 1401.

Appellant's assertion of his client's privilege against self-incrimination and the facial invalidity of the summons are likewise without merit. United States v. Roundtree, *supra*.

Affirmed.